IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL H. LUEDERS AND ROSENS, INC.,[1]<br><br>    Plaintiffs,<br><br>vs.<br><br>AARON ARP, et al.,<br><br>    Defendants. | 8:17-CV-373<br><br>MEMORANDUM AND ORDER |

   The plaintiff, Daniel Lueders, was injured when his pickup truck was rear-ended by a National Guard tractor-trailer, and he has sued the driver, the National Guard, and the United States for damages arising from the driver's alleged negligence. The defendants move for dismissal or summary judgment, arguing that Lueders is estopped from claiming that his injuries were caused by that accident because he testified, in a separate case, that his injuries were actually caused by a previous accident.

   Lueders agrees that the driver and the National Guard should be dismissed, because the only proper defendant is the United States. So, the motion to dismiss will be granted to that extent. But the estoppel doctrines relied upon by the United States do not apply here to bar Lueders' claim, so the balance of the defendants' motion will be denied.

---

[1] Rosens, Inc. has paid workers' compensation benefits to the plaintiff, and is a party only to preserve its subrogation interest pursuant to Neb. Rev. Stat. § 48-118. Filing 1 at 2.

## I. BACKGROUND

Lueders was in two different traffic accidents, both of which are relevant here: a March 4, 2011 collision with a truck belonging to Leavitts Freight Service (the "Leavitts accident"), and the July 15, 2012 collision with the National Guard truck (the "National Guard accident"). Filing 15 at 2-3.[2] He lodged a tort claim with the National Guard on March 3, 2014. Filing 13-2 at 4-5. And he sued Leavitts and Leavitts' driver in state court on April 21, 2014, claiming personal injuries resulting from the Leavitts accident, including a significant injury to his right shoulder. Filing 13-1 at 4.

Lueders was deposed in the Leavitts case. Filing 15 at 3. He testified that he did not believe his shoulder injury had been exacerbated by the National Guard accident. Filing 13-2 at 20-22. And, he said, if he filed suit based on the National Guard accident, he did not intend to claim any additional injury to his shoulder. Filing 13-2 at 20. Lueders eventually settled the Leavitts litigation. Filing 13-2 at 2. The parties filed a joint stipulation for dismissal, filing 13-1 at 7, and the state court dismissed Lueders' claims with prejudice, filing 13-1 at 10.

In the meantime, Lueders had lodged an amended tort claim with the National Guard, claiming an additional shoulder injury. Filing 13-2 at 41-42. This litigation followed, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 & 2671 *et seq.* Filing 1.

---

[2] Pursuant to NECivR 56.1, a party moving for summary judgment must include in its brief a statement of material facts about which the movant contends there is no dispute, and the party opposing summary judgment must include in its brief a concise response to that statement of facts, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1).

## II. STANDARD OF REVIEW

The defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. *See* filing 12. If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Rule 12(d).

When a motion to dismiss is converted into a motion for summary judgment, a party against whom this procedure is used is normally entitled to notice that conversion is occurring. *Barron ex rel. D.B. v. S. Dakota Bd. of Regents*, 655 F.3d 787, 791 (8th Cir. 2011). But where the movant designates its motion to dismiss alternatively as a motion for summary judgment, and the nonmovant submits materials outside the pleadings, a district court is not required to give formal notice that it will treat a motion as one for summary judgment. *Hearing v. Minnesota Life Ins. Co.*, 793 F.3d 888, 893 (8th Cir. 2015). And that's what happened here: the defendants have moved for dismissal or summary judgment, submitting evidence in support of their motion, and Lueders has both addressed the summary judgment standard and presented evidence in opposition to the motion. *See* filing 17 at 8-18. Under such circumstances, treating the motion as one for summary judgment is appropriate. *See George v. City of St. Louis*, 26 F.3d 55, 57 (8th Cir. 1994).

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Rule 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate

the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

### III. DISCUSSION

The primary issue presented by the defendants' motion is whether Lueders is estopped from asserting his claim. But there are some preliminary matters to address.

### 1. SUBSTITUTION OF PARTIES

First, the parties: Lueders' complaint asserts a negligence claim against the United States, the "Army National Guard," and the National

Guard's truck driver. Filing 1. But when someone is injured by a tort committed by an employee of the United States who is acting within the scope of his employment, that employee cannot be sued—rather, the injured person must sue the United States, which is liable in its employee's stead. *Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996); *see United States v. Smith*, 499 U.S. 160, 161-62 (1991); *see also Simmons v. Himmelreich*, 136 S. Ct. 1843, 1850 (2016).

And the truck driver was an employee of the United States acting within the scope of his employment when the National Guard accident occurred. Filing 13-3. Similarly, the "Army National Guard"—that is, the National Guard of the United States—is a component of the Army of the United States. *Perpich v. U.S. Dep't of Def.*, 880 F.2d 11, 14 (8th Cir. 1989), *aff'd*, 496 U.S. 334 (1990). As such, it cannot be sued directly either. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

Lueders does not oppose dismissing the driver and the National Guard as parties. Filing 17 at 2. Accordingly, they will be dismissed as defendants.

2. Evidentiary Issues

In response to the United States' motion, Lueders asserts several evidentiary objections. *See* Rule 56(c)(2). First, Lueders objects to the United States' evidence that Lueders settled the Leavitts case. Filing 17 at 5-6. This evidence, Lueders claims, is precluded by Fed. R. Evid. 408, which provides that evidence of conduct during settlement negotiations generally is inadmissible to prove a party's liability for the underlying claim. *See B & B Hardware, Inc. v. Fastenal Co.*, 688 F.3d 917, 920 (8th Cir. 2012).

But evidence of settlement may be admitted when the evidence is offered for another purpose. Rule 408(b); *see B & B Hardware, Inc.*, 688 F.3d at 920. And Rule 408 does not require the exclusion of evidence regarding the

settlement of a claim *different* from the one litigated. *Dahlgren v. First Nat. Bank of Holdrege*, 533 F.3d 681, 699-700 (8th Cir. 2008). So, Rule 408 does not bar evidence of the Leavitts settlement. And the Court does not read the United States' reference to settlement discussions involving the National Guard accident as being offered to prove or disprove a disputed claim or to impeach—rather, the Court reads those references as simply providing context for the United States' limited participation in the Leavitts negotiation. *See* filing 13-2 at 2. And that is the only purpose for which the Court has put that evidence to use.[3]

Lueders also claims that the United States' evidence that the Leavitts case was settled is inadmissible hearsay. But of course, the standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it *could* be presented at trial in an admissible form. *See* Rule 56(c)(2); *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012). It is not hard to imagine the forms such evidence could take at trial (if this issue was somehow to be contested at trial, which seems unlikely). In any event, the Court does not need hearsay from an Army lawyer to conclude that the Leavitts case was settled—Lueders does not object to the actual court documents that disposed of the case, and the Court has no doubt about what it means when the parties stipulate to dismissal with prejudice. *See* filing 13-1 at 7-8. The record sufficiently establishes the fact of settlement, even without reliance on hearsay.

---

[3] Lueders also invokes Fed. R. Evid. 403, which may be implicated even where Rule 408 is not. *See Dahlgren*, 533 F.3d at 700. And, he argues, the evidence is irrelevant. Filing 17 at 5-6. But the Court finds that the evidence has probative value, and that there is little chance of unfair prejudice, where it is (1) offered with respect to the United States' estoppel claims and (2) presented to the undersigned, who is well aware of the limited but proper purpose for which the evidence has been adduced.

Accordingly, Lueders' evidentiary objections are overruled.

### 3. ESTOPPEL

That brings the Court to the merits of the United States' motion: the United States argues that Lueders is estopped from claiming he was injured in the National Guard accident because he previously testified that his injuries were caused by the Leavitts accident. The United States relies on two related but distinct doctrines: judicial estoppel and quasi-estoppel.

But that raises another foundational question: is the application of those doctrines in this case controlled by federal or state law? The Court finds that Nebraska law is controlling, for two reasons. First, under the FTCA, the United States' liability is determined by "the law of the place where the act or omission occurred." § 1346(b)(1); *see Molzof v. United States*, 502 U.S. 301, 305 (1992). That includes "the entire law of the place where the act or omission occurred." *Loge v. United States*, 662 F.2d 1268, 1273 (8th Cir. 1981). And second, even under the more familiar principles used in diversity cases, the estoppel doctrines asserted by the United States arise under state substantive law. *See Spencer v. Annett Holdings, Inc.*, 757 F.3d 790, 797-98 (8th Cir. 2014); *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 608-09 (8th Cir. 1993); *see also IHFC Properties, LLC v. Whalen Furniture Mfg., Inc.*, 614 F. App'x 623, 625 (4th Cir. 2015); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 343–44 (5th Cir. 2013); *cf. Guaranty Trust Co. v. N.Y. v. York*, 326 U.S. 99, 108-09 (1945).

#### (a) Judicial Estoppel

Judicial estoppel is an equitable doctrine that a court invokes at its discretion to protect the integrity of the judicial process. *Hike v. State Dep't of Roads*, 899 N.W.2d 614, 620 (Neb. 2017). The doctrine of judicial estoppel

protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. *Id.* Fundamentally, the intent behind the doctrine of judicial estoppel is to prevent parties from gaining an advantage by taking one position in a proceeding and then switching to a different position when convenient in a later proceeding. *Id.* But bad faith or an actual intent to mislead on the part of the party asserting inconsistent positions must be demonstrated before the judicial estoppel doctrine may be invoked. *Id.*

Judicial estoppel is inapplicable here for two reasons. First, while inconsistent claims against different parties may be barred by the doctrine of judicial estoppel, the "requirement that the position be successfully asserted means that the party must have been successful in getting the first court to accept the position," and without such acceptance, the doctrine of judicial estoppel does not apply. *Vowers & Sons, Inc. v. Strasheim*, 576 N.W.2d 817, 824 (Neb. 1998). And here, the Leavitts case was dismissed with prejudice after the parties settled—so, there is no indication of any judicial acceptance of Lueders' claim or the extent to which his injuries were caused exclusively by the Leavitts accident. *See id.*; *see also Shriner v. Friedman Law Offices, P.C., L.L.O.*, 877 N.W.2d 272, 287 (Neb. Ct. App. 2016). Accordingly, the Leavitts case and its settlement do not operate to bar this case under the doctrine of judicial estoppel. *See Vowers & Sons, Inc.*, 576 N.W.2d at 824.

Second, the record presently before the Court does not conclusively demonstrate bad faith or an actual intent to mislead on Lueders' part. The doctrine of judicial estoppel is to be applied with caution so as to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either

statement. *Cleaver-Brooks, Inc. v. Twin City Fire Ins. Co.*, 865 N.W.2d 105, 114 (Neb. 2015). And even based on the limited evidence before the Court, it is clear that when Lueders testified in the Leavitts case, there was a substantial disagreement—even among Lueders' own physicians—about the extent to which his injuries were caused by the Leavitts accident or the National Guard accident. *See* filing 13-2 at 20-22.

Now, that evidence *might* be consistent with "playing fast and loose with the courts" in the Leavitts case and this one. *See Cleaver-Brooks, Inc.*, 865 N.W.2d at 114. But it is also consistent with a plaintiff deciding, during the course of medical evaluation and discovery, that perhaps the causation of his injuries was more complicated than he thought. And it is also consistent with a relatively unsophisticated plaintiff who might not have been able to describe the nuances of the medical evidence with complete accuracy during his deposition.[4] And Lueders' affidavit in this case reflects that: he avers that at the time of his deposition in the Leavitts case, his medical treatment was incomplete, and his understanding of the available medical evidence was also incomplete. Filing 17-2. But it is enough for now to say that the Court cannot conclude, based on deposition excerpts, and on *summary judgment*, that Lueders acted in bad faith or with an intent to mislead.

Accordingly, the doctrine of judicial estoppel is inapplicable here.

### (b) Quasi-Estoppel

The United States also relies on the doctrine of quasi-estoppel. That doctrine "has its basis in election, ratification, affirmance, acquiescence, or

---

[4] For instance, when asked about his doctor's treatment note of "worsening osteoarthritis in the right shoulder," Lueders replied, "I have no idea what that means. The thing is, if I can't spell it, I don't . . . know the word." Filing 13-2 at 20.

acceptance of benefits, and the principle precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by him." *Application of Burt Cty. Pub. Power Dist.*, 77 N.W.2d 773, 780 (Neb. 1956). It applies where it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or of which he accepted a benefit. *Id.*

But the Court also finds that doctrine inapplicable, for three reasons. First, while *judicial* estoppel may be invoked by strangers to the record in a former proceeding, quasi-estoppel is generally held to arise only in favor of parties to the first suit and those in privity with them. *Swilley v. McCain*, 374 S.W.2d 871, 875-76 (Tex. 1964); *see Beavers v. Victorian*, 38 F. Supp. 3d 1260, 1266 (W.D. Okla. 2014); *Whitacre P'ship v. Biosignia, Inc.*, 591 S.E.2d 870, 882 (N.C. 2004); *see also Bailey v. Duling*, 827 N.W.2d 351, 362 (S.D. 2013). Obviously, no such mutuality of parties is present here.

Second, as with judicial estoppel, quasi-estoppel can be asserted only against one who "has previously taken an inconsistent position, *with knowledge of the facts and his rights,* to the detriment of the person seeking application of the doctrine." *Erie Telecommunications, Inc. v. City of Erie*, 659 F. Supp. 580, 586 (W.D. Pa. 1987). And as explained above, it is far from clear that Lueders testified in the Leavitts case with full knowledge of his medical condition. Under those conditions, failing to acknowledge the possibility that his injuries may have been caused in part by the National Guard accident does not render "unconscionable" a later argument that they were. *See John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1040-41 (Alaska 2002).

And finally, quasi-estoppel is based on acceptance of benefits—a principle that does not work an estoppel where the benefits previously accepted were not inconsistent with the right now being asserted. *Cf. Liming*

*v. Liming*, 723 N.W.2d 89, 94 (Neb. 2006). And Lueders' evidence is that he suffered a shoulder injury in the Leavitts accident that required surgery and caused, among other things, a permanent partial impairment of his right upper extremity. Filing 17-3 at 4; filing 17-4 at 1. The National Guard accident permanently aggravated his shoulder condition and increased pain, requiring a second surgery—but, the National Guard accident did not add to Lueders' permanent partial impairment. Filing 17-3 at 4; filing 17-4 at 1-2. Assuming that evidence to be true for purposes of summary judgment, there is nothing inconsistent about suing and accepting a settlement in the Leavitts case and subsequently pursuing additional damages, for additional injuries, from the United States.

Accordingly, the Court finds that the doctrine of quasi-estoppel is also inapplicable here.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the United States is the only proper defendant, but that Lueders is not estopped from asserting his claim against the United States.

IT IS ORDERED:

1. The defendants' motion to dismiss or for summary judgment (filing 12) is granted in part and in part denied.

2. Defendants Aaron Arp and the Army National Guard are terminated as parties.

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 30th day of March, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge